IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Thomas Wimberly, individually and as personal representative of the estate of Dominique Wimberly,<br><br>Plaintiff,<br><br>vs.<br><br>Government Employees Insurance Company,<br><br>Defendant. | C/A No.: 3:10-01824-JFA<br><br><br><br><br><br><br>ORDER |

### I.     Factual and Procedural History

On June 18, 2007, Dominique Wimberly, the son of the plaintiff, was shot and killed in Sumter, South Carolina while sitting in a car covered by the plaintiff's automobile insurance policy issued by the defendant. The plaintiff is seeking uninsured motorist coverage under his policy, and defendant Government Employees Insurance Company ("GEICO") has refused coverage.

This is a declaratory judgment action alleging breach of insurance contract and bad faith and seeking attorney's fees under S.C. Code Ann. § 38-59-40. This matter is before the Court upon the defendant's motion to compel (ECF No. 23) and motion for summary judgment on the breach of insurance contract and bad faith claims (ECF No. 27).

### II.     Legal Standard

Summary judgment should be granted "if the pleadings, the discovery and disclosure

materials on file, and any affidavits show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c)(2). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-248 (1986). A party "may not rely merely on allegations or denials in [his] own pleading; rather, [his] response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

"The party seeking summary judgment carries the burden of showing that there is no genuine issue as to any material fact in the case." Pulliam Inv. Co. v. Cameo Props., 810 F.2d 1282, 1286 (4th Cir. 1987). "When determining whether the movant has met its burden, the court must assess the documentary materials submitted by the parties in the light most favorable to the nonmoving party." Id.

**III.    Law and Analysis**

   **A.    Breach of Insurance Contract**

In this case, the plaintiff is seeking coverage for this incident under the Uninsured Motorist ("UM") section of his automobile policy. He argues that the two criminal defendants were attempting to carjack the decedent and divest him of ownership of his vehicle. He contends that had the gunfire not interrupted the criminal defendants, they would have taken possession of the car, making it an uninsured vehicle and covered under his UM policy.

In arguing that it is entitled to summary judgment on this issue, the defendant contends that there was no uninsured vehicle involved in the incident so the plaintiff does not have a UM claim. Only one of the criminal defendants, Teron Hakeen Jackson, gave statements to law enforcement. In those statements, he maintained that he and Jermel Anthony Robinson were planning on robbing the decedent of money but did not mention an intention to take his car. Regardless of their intention, a carjacking did not take place. The Court is informed that both defendants were found guilty in state court for murder and kidnapping, but neither defendant was indicted for carjacking or a similar offense.

The defendant argues that even if an uninsured vehicle was involved in the shooting, the injury did not arise out of the ownership, maintenance, or use of a vehicle as required by the policy. Under South Carolina law, an injury arises out of the ownership, maintenance, or use of an automobile if: (1) there is a causal connection between the vehicle and the injury; (2) no act of independent significance broke the causal link; and (3) the vehicle was being used for transportation at the time of the assault. State Farm & Cas. Co. v. Aytes, 332 S.C. 30, 33, 503 S.E.2d 744, 745 (1998).

A "causal connection," which is required in part 1 of the test, means: (a) the vehicle was an "active accessory" to the assault; (b) something less than proximate cause but more than mere site of the injury; and (c) the injury must be forseeably identifiable with the normal use of the automobile. Id. According to the defendant, the plaintiff cannot establish a causal connection between the vehicle and the injury. The defendant suggests that besides the

decedent being physically located in the car at the time of the shooting, there is no connection between the incident and the car. "The required causal connection does not exist when the only connection between an injury and the insured vehicle's use is the fact that the injured person was an occupant of the vehicle when the shooting occurred." Id. The plaintiff attempts to distinguish the case law and contends that the car was the motive of the attack because the robbers were planning to carjack the decedent. He offers the criminal defendants' masks and guns and the fact that they approached the decedent's car on foot as evidence that the incident was an attempted carjacking. However, the criminal defendants have stated that they wanted to rob the decedent for jewelry and money, not the car.

The defendant argues that even if there was a causal connection between the car and the injury, the shooting broke the causal connection because the fatal gunshot could have occurred anywhere. Again, the plaintiff claims that the criminal defendants' desire for the car is the reason for the shooting, so the events are connected and there is no break in the causal chain.

Finally, the plaintiff has not offered any evidence to indicate that the car was being used in transportation at the time of the incident. The criminal defendants and the car's passenger have stated that the car was parked. The car's passenger, Toni Wilson, made a statement to law enforcement that the car had been parked for two hours immediately prior to the shooting while she and the decedent talked.

The plaintiff relies heavily on a GEICO commercial featuring celebrity Joan Rivers

4

as a promise that GEICO will provide coverage for carjacking claims. This commercial did not begin to air until 5 months after the shooting at issue. Additionally, the commercial does not promise coverage for bodily injury for a death resulting from a shooting. The defendant maintains that some damages, such as loss of a vehicle or property damage resulting from carjackings, can be covered under standard GEICO policies. However, the plaintiff in this case is seeking bodily injury coverage under the UM portion of the policy. Furthermore, the defendant contends that an advertisement is a mere invitation to the public to contact the advertiser and request those services advertised. The Court does not find the commercial to be persuasive in establishing a genuine issue of material fact.

The Court finds that there was no uninsured vehicle involved in this incident. Assuming, for the sake of argument, that there was an uninsured vehicle and the plaintiff could make a possible UM claim, the Court finds that the decedent's injuries did not arise out of the ownership, maintenance, or use of the vehicle. Therefore, the defendant's motion for summary judgment is granted.

### B.     Bad Faith

The defendant argues that because there was no uninsured vehicle involved in the shooting and that this incident did not arise out of the use of a vehicle, there can be no bad faith on the part of GEICO for denying coverage. It also maintains that the plaintiff has not offered any evidence that the defendant failed to properly investigate the claim or acted unreasonably in the processing of it. The plaintiff does not directly address these arguments

in his brief. If there was no breach of the insurance contract, as the Court found above, there likewise can be no bad faith by GEICO in denying coverage. Therefore, summary judgment is granted for the defendant on the claim that it acted in bad faith.

## IV.     Conclusion

The Court grants the defendant's motion for summary judgment on both the breach of the insurance contract and bad faith claims. Because this case is now ended, the defendant's motion to compel is moot. The parties are not required to attend the roster meeting on April 6, 2011.

IT IS SO ORDERED.

April 5, 2011                                         Joseph F. Anderson, Jr.
Columbia, South Carolina                   United States District Judge